Mary Lou SULLIVAN, Daniel T. Sullivan, William T. Sullivan, Jr., Kenneth C. Martin, Perry Kenny, Calvin F. Robinson, Catherine D. Robinson, Sydney Krogstad, Beverly Krogstad, Joseph S. Wand, Robert G. Mesires, William E. Coyle, Diane H. Coyle, Dan Boyd, Roxana Boyd, Thomas D. Adamson, Mark Adamson, Thomas C. Miller, Brian J. Miller, Robert E. Richardson, Raymond D. Sussman, Anjali Sussman, and Cerena Wong, all individuals; Malm Metal Products, Inc., a California corporation, Malm Metal Products, Inc. Defined Benefit Plan, Pine Creek Development Corporation Pension Plan and Trust, Pine Creek Properties, a California limited partnership, Robert E. Richardson, M.D., P.C., Defined Benefit Pension Plan and Trust, Joseph S. Wand, M.D., Inc., Pension and Profit Sharing Plan and Able Fence Co., Inc., a California corporation, Plaintiffs-Appellants,

v.

FIRST AFFILIATED SECURITIES, INC., a California corporation, Larry Gibson, Harold E. Card, Ronald R. Walker, Carl E. Wright, Wright Herfordt & Sanders, Raymond Jallow, Thomas Tierney, Tierney & Ernst, Ira W. Palmer, William H. Palmer, John P. Redd, Tim D. Compton, Paul J. Keil, Financial Communications Group, Ltd., Peat, Marwick, Mitchell & Co., Process Management Co., Inc. and Does One through Twenty, Doe Corporations Twenty-One through Forty, and Doe Partnerships Forty-One through Sixty, Defendants-Appellees.

No. 85–2961.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 1987.

Decided April 1, 1987.

As Amended April 20, 1987.

Bruce R. MacLeod, San Francisco, Cal., for plaintiffs-appellants.

Michael F. Perlis and Sharon L. O'Grady, San Francisco, Cal., for defendants-appellees.

Before SCHROEDER, WIGGINS and THOMPSON, Circuit Judges.

WIGGINS, Circuit Judge:

This is an interlocutory appeal from the district court's order denying plaintiffs' motion to remand plaintiffs' state claims to state court. Plaintiffs filed two parallel securities actions, one in federal court under federal law and one in state court under state law. Defendants removed the state claims to federal court. In its order denying remand, the district court based its decision on its analysis of the "artful pleading" doctrine as articulated in *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), and *Salveson v. Western States Bankcard Association*, 731 F.2d 1423 (9th Cir.1984). *Moitie* and *Salveson*, however, involved the res judicata effect previously adjudicated federal claims had upon state claims. Because the filing of the federal claims in this case has no res judicata effect upon the state claims, we reverse.

I

The plaintiffs (collectively "Investors") are thirty-four mostly California residents who purchased stock of a Missouri based corporation, Midwestern Companies (Midwestern). Defendants (collectively "FAS–Midwestern") are: First Affiliated Securities, Inc. (FAS), a California stock brokerage firm; Larry Gibson, its broker; and insiders of Midwestern (its former officers, directors, accountants and attorneys).

In February 1985, the Investors filed suit in the California Superior Court for Sonoma County against FAS–Midwestern (the "state action"),[1] alleging, among other claims, fraud, negligent misrepresentation, and breach of fiduciary duty under California common law, and violations of California's "blue sky" securities laws, Cal.Corp. Code §§ 1507(a), 2254, 25401 and 25402. The Investors alleged in part that the Midwestern insiders misrepresented the amount of the company's assets, and that FAS and Gibson misrepresented its income potential.

In March 1985, before serving summons in the state action, the Investors sued FAS–Midwestern in the United States District Court for the Northern District of California (the "federal action"), alleging substantially the same facts and asserting claims under the Securities Exchange Act of 1934 (the "1934 Securities Act"), as amended, 15 U.S.C. §§ 78a–78lll, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968.

Other Midwestern shareholders brought three federal securities class actions against the Midwestern insiders. The three class actions were consolidated in the United States District Court for the Western District of Missouri. The Investors have opted out of the consolidated class action.[2]

In June 1985, FAS–Midwestern removed the state action to the United States District Court for the Northern District of

---

1. FAS had earlier sued three of the Investors in the Sonoma County Superior Court to recover amounts allegedly owed for the purchase of Midwestern stock. The three cross-claimed against FAS and Gibson for alleged fraudulent representations in the sale of the stock.

2. The Investors brought the federal action to avoid duplicative discovery by using discovery from the Missouri litigation in the state action, and to protect against the possibility that the state court would lack personal jurisdiction over the Midwestern insiders. In its order denying remand, the district court questioned whether the Investors could properly maintain the federal action solely to obtain collateral discovery in the state action, but did not sanction them.

California, then moved to transfer the state and federal actions to the Missouri federal court. The Investors did not contest the transfer of the federal action to Missouri, but moved to remand the state action to the state court for lack of removal jurisdiction. The district court denied the motion to remand, concluding:

> Plaintiffs filed their Federal Action shortly after the filing of their State Action and prior to defendants' removal of the State Action. Further, plaintiffs have evidenced their intention to utilize affirmatively the processes of the federal court to redress the identical claimed injury alleged in their State Action.
>
> In these circumstances, this Court finds that the authorities in this Circuit support defendants' removal of plaintiffs' State Action [citing *Moitie* and *Salveson* ]. Plaintiffs' contemporaneous filing of their Federal Action precludes them from defeating removal by the "artful pleading" of the same operative facts as state law claims.

The court denied the Investors' motion for reconsideration of the denial of remand, but certified the remand issue for interlocutory appeal. The Investors timely filed a petition for leave to file an interlocutory appeal, which we granted under 28 U.S.C. § 1292(b).

## II

■ Generally, the denial of a motion to remand an action removed from state to federal court under the artful pleading doctrine is a question of federal subject matter jurisdiction which we review de novo. *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 768 (9th Cir.1986). The Supreme Court has suggested, however, that the artful pleading inquiry involves a "factual finding," *Moitie*, 452 U.S. at 397 n. 2, 101 S.Ct. at 2427 n. 2, and in *Salveson* we applied the clearly erroneous standard to the district court's finding of artful pleading, 731 F.2d at 1429 (citing Fed.R.Civ.P. 52(a)). As the question whether plaintiffs'

claims are federal or not would seem to be a legal question, *see Moitie*, 452 U.S. at 409 & n. 5, 101 S.Ct. at 2433 and n. 5 (Brennan, J., dissenting); *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 761 n. 9 (2d Cir.), cert. denied, —— U.S. ——, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986), and there are no disputed facts, we review de novo. *See Bright*, 780 F.2d at 768. The burden of establishing jurisdiction falls on the party invoking the removal statute, *Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir.1984), cert. denied, —— U.S. ——, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985), which is strictly construed against removal, *Salveson*, 731 F.2d at 1426.

## III

■ The Investors contend that removal is improper because the state action relies solely on state law for relief. A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). Federal district courts have original federal question jurisdiction of actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[3]

■ We begin our analysis with a fundamental tenet of federal jurisdiction—the "well-pleaded complaint" rule. A case "arises under" federal law within the meaning of section 1331 only if a federal question appears on the face of plaintiff's well-pleaded complaint; original jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908); *Hunter*, 746 F.2d at 639. The defendant cannot obtain removal jurisdiction merely by asserting a federal defense. *Hunter*, 746 F.2d at 639. The plaintiff is "master to decide what law he will rely upon," *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57

---

**3.** As the parties are not of completely diverse citizenship, FAS–Midwestern cannot remove on that ground. 28 U.S.C. § 1441(b).

L.Ed. 716 (1913), and, if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal, *Hunter*, 746 F.2d at 641; 1 A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.160[3.–3], at 231–32 (2d ed. 1986).[4]

■ However, the plaintiff cannot defeat removal by masking or "artfully pleading" a federal claim as a state claim:

> [O]ccasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization. For instance, in many contexts plaintiff's claim may be one that is exclusively governed by federal law, so that the plaintiff necessarily is stating a federal cause of action, whether he chooses to articulate it that way or not. If the only remedy available to plaintiff is federal, because of preemption or otherwise, and the state court necessarily must look to federal law in passing on the claim, the case is removable regardless of what is in the pleading.

14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3722, at 268–75 (2d ed. 1985) (citations omitted). The "artful pleading" doctrine is a narrow exception to the straightforward rules of removal jurisdiction, which we will apply only if "the particular conduct complained of [is] governed exclusively by federal law." *Hunter*, 746 F.2d at 640. Further, we will invoke the doctrine "only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Salveson*, 731 F.2d at 1427.

■ A traditional example of the artful pleading doctrine is one in which the defendant has a federal preemption defense to a state claim and federal law provides a remedy. In that case, the defendant can remove the purported state claim. *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968) (characterizing state contract claim as claim under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185); *Hunter*, 746 F.2d at 642–43. This is consistent with the rule that jurisdiction cannot be based on a federal defense. *See Hunter*, 746 F.2d at 641–43. If federal law preempts state law and provides a remedy, a plaintiff purporting to plead a state law claim is necessarily relying upon the federal claim, and the federal court to which the action is removed can recharacterize the state claim as a federal one. *Id.* at 642–43. If, however, state law is preempted by federal law and federal law provides no remedy, the state claim cannot be recharacterized as federal, as no federal claim exists, preemption is interposed solely as a defense, and removal is improper. *Id.* at 643.[5]

## IV

■ On the face of the complaint, the Investors have alleged state law claims for fraud and state securities violations. FAS–Midwestern does not contend that federal

---

4. We have questioned the logic of denying removal jurisdiction to a defendant who raises a federal defense. *Hunter*, 746 F.2d at 639. To the extent that the reason for giving federal courts original jurisdiction over federal claims is to assure parties a knowledgable forum for the vindication of federal rights, it makes little sense to permit a defendant to remove only if the plaintiff relies on federal law. *Id.* The American Law Institute has urged Congress to confer removal jurisdiction over cases in which the defendant relies on federal law. American Law Institute, *Study of the Division of Jurisdiction Between State and Federal Courts* § 1312 (1969). However, Congress has not seen fit to permit removal unless a plaintiff relies on federal law, and we lack the power to expand our jurisdiction. *Hunter*, 746 F.2d at 639.

5. Even if federal law provides a remedy, it is unclear why preemption is not simply a defense to a complaint containing only state law claims, rather than a basis of removal. *See Travelers*, 794 F.2d at 758–59 n. 6; 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.160[4] (2d ed. 1986); *cf. Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 577–78 & n. 10 (7th Cir.) (preemption defense held not to permit removal), *cert. denied*, 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982). The state court is as competent to hear the preemption defense as the federal court. While well-established, the doctrinal distinction between preemption with and without a federal remedy appears to rationalize a narrow exception to the rule that removal cannot be obtained by a federal defense.

law preempts these claims. Although the federal courts have exclusive jurisdiction over claims under the 1934 Securities Act, *see Silberkleit v. Kantrowitz,* 713 F.2d 433, 436 (9th Cir.1983); 15 U.S.C. § 78aa, federal securities laws do not preempt state securities laws that regulate intrastate offerings of securities and affect interstate commerce only incidentally, *see North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 582–83 (9th Cir. 1983) (upholding Ariz.Rev.Stat.Ann. § 44–1841); 15 U.S.C. § 77r (states have concurrent jurisdiction to regulate securities). Instead, FAS–Midwestern argues that the Investors have engaged in "artful pleading" by pleading state claims in state court and federal claims in federal court on the same operative facts. We have previously rejected this argument. *In re Sugar Antitrust Litigation, MDL 201,* 588 F.2d 1270, 1272 & n. 5 (9th Cir.1978) (although California filed a federal anti-trust action in federal district court, then filed similar state antitrust action in state court, removal under artful pleading doctrine or other grounds improper), *cert. denied,* 441 U.S. 932, 99 S.Ct. 2052, 60 L.Ed.2d 660 (1979). Were it not for *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), FAS–Midwestern's argument would be groundless.

In *Moitie,* the plaintiffs filed a federal antitrust action in federal district court. The district court dismissed the action because the plaintiffs lacked standing. Rather than appeal, two plaintiffs, Brown and Moitie, relied on the same facts to assert state law claims in a California court. The defendants removed the actions to federal court. The district court relied on the artful pleading doctrine to deny plaintiffs' motion to remand. On the merits, the district court found the state claims barred by the res judicata effect of the prior federal judgment. On appeal, we affirmed removal, but found res judicata inapplicable because of a subsequent change in the law. *Moitie v. Federated Dep't Stores, Inc.,* 611 F.2d 1267 (9th Cir.1980). The Supreme Court reversed the res judicata holding and devoted most of its opinion to that issue. The Court approved the removal in a footnote, noting that "at least some of the claims had a sufficient federal character to support removal" under the artful pleading doctrine. *Moitie,* 452 U.S. at 397 n. 2, 101 S.Ct. at 2427 n. 2. The Court remanded for a determination of which claims were barred by res judicata. Justice Brennan dissented primarily because he believed removal jurisdiction was lacking. *Id.* at 404–410, 101 S.Ct. at 2430–2434 (Brennan, J., dissenting).

The Supreme Court did not explain why the state claims had "sufficient federal character to support removal," and the task of divining *Moitie's* theoretical underpinnings has fallen to the lower courts and commentators. Preemption could not support removal, for federal antitrust law has not been held to preempt state laws. *See Exxon Corp. v. Governor of Maryland,* 437 U.S. 117, 130, 98 S.Ct. 2207, 2216, 57 L.Ed.2d 91 (1978); C. Wright, *The Law of Federal Courts* § 38, at 217 (1985). Two justifications may be advanced for *Moitie's* use of the artful pleading doctrine: (1) plaintiff's election of forums by suing in federal court, and (2) federal res judicata. For the following reasons, we reject the election explanation, and instead adopt that of res judicata.

### A.  *Election of Forums*

In *Salveson,* we were confronted with facts parallel to *Moitie.* The district court had dismissed a federal antitrust suit. Plaintiffs then filed state claims based on the same facts. We affirmed the district court's denial of plaintiffs' motion to remand on the authority of *Moitie* and affirmed dismissal of the action as res judicata. 731 F.2d at 1429–30.

In *Salveson,* we suggested *Moitie* allowed removal because the plaintiffs consented to the federal forum. We said that the plaintiffs, by proceeding in federal court with federal claims, could not be permitted to recast the same claims as state claims to the prejudice of the defendants. *Id.* at

1429. We noted in dictum [6] that *Moitie* permits removal if the plaintiff " 'by his own conduct, either by filing originally in federal court or by acceding to federal jurisdiction after removal, has made his claim a federal one.' " *Id.* (quoting *Salveson v. Western States Bankcard Ass'n,* 525 F.Supp. 566, 577 (N.D.Cal.1981), *aff'd in part and rev'd in part,* 731 F.2d 1423 (9th Cir.1984)). *Accord Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 760–61 (2d Cir.) (having elected to proceed in federal court and "having foregone the opportunity to plead a pendent state claim, [the plaintiff is] not free to abuse the dual court system by filing in state court a second lawsuit and resubmitting his claim as one based solely on state law"), *cert. denied,* —— U.S. ——, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986); *Reid v. Walsh,* 620 F.Supp. 930 (M.D.La.1985) (state securities action properly removed to federal court because plaintiffs filed federal securities action on the same general facts).

Adoption of this consent rationale would put a plaintiff who could file both state and federal claims to an election of forums and remedies. To maintain his state claim in state court without risking removal, he could not assert his federal claim either in federal or state court. If he filed the federal claim with the state claim in state court, the defendant could remove the state claim based on pendent jurisdiction. *Bale v. General Tel. Co.,* 795 F.2d 775, 778 (9th Cir.1986). If he filed a separate federal action, the defendant could still remove the state claim based on the election to proceed in federal court.

Requiring plaintiffs to submit to this election would avoid splitting of claims arising from the same facts, simplify mass litigation, save judicial resources, and balance the plaintiffs' choice of forum against the defendants' interest in avoiding multiple litigation. For example, holding the Investors to their election would lead to consolidation of the state action with the Missouri litigation.

■ However, the election rationale has serious flaws. First, the Supreme Court in *Moitie* did not articulate the election theory, and that approach had never been accepted as justifying removal before *Moitie. See Sugar Antitrust Litigation,* 588 F.2d at 1272; C. Wright, *The Law of Federal Courts* § 38, at 217 (1985). It is the traditional rule that the parties cannot by consent, waiver or estoppel obtain federal subject matter jurisdiction. *See Knaefler v. Mack,* 680 F.2d 671, 676 n. 5 (9th Cir.1982); 13 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3522, at 66–67 (2d ed. 1984). Yet the election approach would confer removal jurisdiction over state claims based on the plaintiffs' waiver of lack of jurisdiction by consent to the federal forum.[7]

Second, the election approach is inconsistent with the removal statute. A suit may be removed from state court if it arises under federal law. 28 U.S.C. §§ 1331, 1441(a). FAS-Midwestern does not argue that the Investors' state claims are actually federal claims, nor that there is a federal defense to the state claims. Federal law is only interjected because the claims would have been pendent claims had they been filed in the same complaint with federal claims. *See Blake v. Pallan,* 554 F.2d 947, 956–57 n. 11 (9th Cir.1977). As the state and federal claims were filed separately, the state claims are not pendent, nor within original federal jurisdiction, and do not arise under federal law.

Third, the election justification does not conform to traditional notions of removal

---

**6.** We stated that an alternative ground for removal in *Moitie* was the res judicata effect of the federal judgment. *Salveson,* 731 F.2d at 1427, 1429 (*see infra* section IVB).

**7.** Justice Blackmun, joined by Justice Marshall, concurred in *Moitie,* suggesting a much narrower consent rationale for removal; by failing to cross-petition from the Ninth Circuit's judgment that the state claims were merely disguised federal claims, the argument that the case should be remanded to state court should be barred by res judicata. 452 U.S. at 404, 101 S.Ct. at 2430 (Blackmun, J., concurring). *Accord Vitarroz Corp. v. Borden, Inc.,* 644 F.2d 960, 964–65 (2d Cir.1981) (by failing to move to remand to state court, plaintiff accepted defendant's characterization of its state claim as one based on federal law).

under the artful pleading doctrine. The doctrine permits courts to recharacterize state claims as federal claims if the plaintiff has attempted to defeat removal by omitting to plead necessary federal questions. *Franchise Tax*, 463 U.S. at 22, 103 S.Ct. at 2852. The Investors have not failed to plead necessary federal law. Although their state claims are based on the same operative facts as their federal claims, the state claims are created and governed by state law, and in the absence of preemption cannot be characterized as federal claims. *Sugar Antitrust Litigation*, 588 F.2d at 1272 n. 5. Because the Investors' claims are not preempted, there is no basis to recharacterize their claims as federal claims.

Fourth, acceptance of the election theory would expand removal jurisdiction to a significant number of state cases in which the plaintiff has filed a parallel federal case, contrary to principles of federalism. "So long as States retain authority to legislate in subject areas which Congress had legislated without preempting the field, and so long as state courts remain the preferred forum for interpretation and enforcement of state law, plaintiffs must be permitted to proceed in state court under state law." *Moitie*, 452 U.S. at 407, 101 S.Ct. at 2432 (Brennan, J., dissenting); *accord Sugar Antitrust Litigation*, 588 F.2d at 1273 (in the absence of preemption, "the state should be free" to construe its laws); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("Needless [federal] decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law").

Fifth, attempts to place limits on the scope of the election rationale have been unsatisfactory. The Second Circuit allows removal based on a plaintiff's election only if he filed substantially similar state and federal claims, and filed the federal claim in federal court first. *Travelers*, 794 F.2d at 760–61 (denying removal because state claim not substantially similar). The requirement of substantial similarity of claims seems unsound. A state claim that shares elements of a federal claim no more arises out of federal law than any claim would that arose out of the same operative facts as the federal claim. Also, the order of filing should make no difference. Regardless of the filing order, the plaintiff will have elected to use the federal forum and to split his claims.

In *Powers v. South Central United Food & Commercial Workers Union*, 719 F.2d 760, 766 & n. 5 (5th Cir.1983), the plaintiff filed parallel state and federal actions. The Fifth Circuit held that removal was improper because, in contrast to *Moitie*, the plaintiff had "not evidenced a desire to proceed under federal law; rather, she has consistently and vociferously attempted to avail herself of the state forum," *id.* at 766, and she filed the federal suit after the state suit as a tactical maneuver to protect against the running of the statute of limitations, *id.* at 766 n. 5. The Fifth Circuit's distinctions are not persuasive. The amount of effort plaintiff expended in the state forum, and her motives for filing the federal action, whether tactical or not, are irrelevant if removal is justified by the election to pursue the federal action.

### B. *Res Judicata*

A less expansive explanation for *Moitie*'s use of the artful pleading doctrine is that *Moitie* permits removal only if a federal res judicata defense is present. In *Salveson* we suggested *Moitie* was so limited. We said that in both *Moitie* and *Salveson* the plaintiffs had first filed federal claims in federal court and lost, and then attempted to recharacterize those same claims in state court. 731 F.2d at 1429. We said that the state claim "was really the same [federal] claim in disguise against which summary judgment had already been entered, and ... was barred by res judicata." *Id.* at 1427.

*Moitie* found removal justified because of the "federal character" of the state claims. 452 U.S. at 397 n. 2, 101 S.Ct. at 2427 n. 2. Considering federal res judicata principles as the source of that "federal character" has support in the *Moitie* opin-

ion. The Supreme Court dedicated most of its opinion to res judicata, giving cursory treatment to removal. *Moitie* can thus be construed as permitting removal only of state claims filed to circumvent the res judicata impact of a federal judgment. *See Hunter*, 746 F.2d at 641–42 (citing *Salveson* for the proposition that *Moitie* permits removal in the res judicata context); *Magic Chef, Inc. v. International Molders & Allied Workers Union*, 581 F.Supp. 772, 776 n. 4 (E.D.Tenn.1983); *Gold v. Blinder, Robinson & Co.*, 580 F.Supp. 50, 53 n. 1 (S.D.N.Y.1984) (*Moitie* is "an aberration, necessary in light of the unusual facts of that case"); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3722, at 305–06 n. 108 (2d ed. 1985).

■ This rationale has been criticized. The res judicata impact of a federal judgment is a question of federal law which a state court is bound to apply under the Supremacy Clause. *See Limbach v. Hooven & Allison Co.*, 466 U.S. 353, 361–62, 104 S.Ct. 1837, 80 L.Ed.2d 356 (1984). The state court is competent to apply federal res judicata in the state lawsuit, and res judicata would be interposed as a defense which ordinarily would not support removal. *See Travelers*, 794 F.2d at 761 nn. 8 & 10; C. Wright, *The Law of Federal Courts* § 38, at 217 (1985). But as in the case of federal preemption coupled with a federal remedy, we can recharacterize a state claim barred by the res judicata effect of a federal judgment as an artfully pleaded federal claim. The federal judgment would ordinarily preclude the plaintiff from relitigating any federal or state claim arising out of the same operative facts. A purported state claim based on those facts would be in effect the same federal claim against which the judgment had been entered. *See Salveson*, 731 F.2d at 1427. The removing court could thus recharacter-

ize the state claim as an artfully pleaded federal claim filed to circumvent the res judicata effect of the federal judgment. *See, e.g., id.*

Further, the courts have already developed an exception to the rule that a federal defense cannot support removal in the preemption context—along with an elaborate explanation of why preemption is not merely a defense but also a means of recharacterizing a state claim as federal (*see supra* n. 5)—and this interpretation of *Moitie* only creates another narrow exception in the res judicata context.

■ Construing *Moitie* as limited to the removal of state claims precluded by a federal judgment is consistent with the removal statute. Because of the presence of federal res judicata, the state claims in *Moitie* had a substantial federal component, and so arguably arose from federal law. Adopting the res judicata rationale also squares our decisions in *Salveson*, permitting removal in the res judicata context, with *Sugar Antitrust Litigation*, denying removal in the context of parallel state and federal litigation, and comports with our policy of invoking the artful pleading doctrine "only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Salveson*, 731 F.2d at 1427. We therefore construe *Moitie* as limited to removal of state claims precluded by the res judicata effect of a federal judgment. Because the Investors' claims are framed under state law, are not barred by res judicata nor preempted by federal law, and would only have been within the district court's original jurisdiction had they been joined with federal claims, which they were not, we reverse the district court's denial of plaintiffs' motion to remand the state action to state court.[8]

---

**8.** FAS–Midwestern offers two alternative grounds for removal: pendent jurisdiction and waiver. It argues that the district court can remove the state claims because they arise out of the same operative facts as the federal claims and would be within the district court's original pendent jurisdiction if filed with the federal claims. It relies on *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d

218 (1966). *Gibbs* does not support this proposition. *Gibbs* held that the federal courts have the power to hear state claims which the plaintiff has *chosen* to file in the same complaint with federal claims. It is implicit in this holding that the plaintiff can choose to file parallel state and federal actions. *Gibbs* acknowledged that the state forum is often the better one to hear state claims. *Id.* at 726. FAS–Midwestern cites no

## V

Removal of the Investors' state action might promote judicial economy. However, while "complex state and federal actions proceeding simultaneously against the same parties [may] pose grave problems in the management of litigation," *Sugar Antitrust Litigation,* 588 F.2d at 1273, we are not free "to implement policies, such as coordination with pending multidistrict litigation, which, though desirable, lie beyond the scope of the removal statute." *Salveson,* 525 F.Supp. at 575.

Other means are available to courts to coordinate duplicative state and federal litigation. The federal courts can in limited, appropriate cases stay federal actions because of pending state actions. *See, e.g., Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Tovar v. Billmeyer,* 609 F.2d 1291, 1293 (9th Cir.1979). The California courts also have the power to stay state litigation pending resolution of parallel federal litigation. *See Thomson v. Continental Ins. Co.,* 66 Cal.2d 738, 747, 59 Cal.Rptr. 101, 427 P.2d 765 (1967); 2 B. Witkin, *California Procedure, Jurisdiction* § 349 (3d ed. 1985). The state court would later determine if the federal judgment were res judicata on the state litigation. *See* 2 B. Witkin, *supra,* § 348. While the power of federal courts to enjoin state proceedings is limited, *see* 28 U.S.C. § 2283, FAS–Midwestern could also consider moving in federal court to enjoin the state action. *Sugar Antitrust Litigation,* 588 F.2d at 1273–74 n. 7. By means of stays, injunctions, and the doctrine of res judicata, federal and state courts can coordinate parallel state and federal litigation without manipulating the removal statute to promote policies beyond its scope.

The district court's order denying the Investors' motion to remand is REVERSED. The case is REMANDED to the district court to remand the state action to state court.

---

authority for its proposed extension of the doctrine of pendent jurisdiction to state claims that are not appended at all to federal claims, but rather filed in a separate lawsuit.

FAS–Midwestern also argues that the Investors are estopped from asserting or have waived their right to remand to the state court because they are using their federal action improperly to gain a discovery advantage in state court, and have unfairly split their cause of action. The plaintiff cannot confer removal jurisdiction by waiver or estoppel. *Knaefler,* 680 F.2d at 676 n. 5.