**Decided  August  11, 1987**

152

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

| | | |
|---|---|---|
| ISIDRO K. SEMAN, | ) | DCA NO. 86-9032 |
| | ) | |
| Plaintiff-Appellant, | ) | CTC CIVIL ACTION NO. 86-09 |
| | ) | |
| v. | ) | |
| | ) | |
| VICENTE M. ALDAN and BOARD | ) | OPINION |
| OF ELECTIONS OF THE CNMI, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: DUENAS,[*] LAURETA and NIELSEN,[**] District Judges.

For the Appellant:     DOUGLAS F. CUSHNIE
P. O. Box 949
Saipan, CM 96950

For Appellees:     VICENTE T. SALAS
BORJA & SALAS
P. O. Box 1309
Saipan, CM 96950

MARYBETH HERALD
FITZGERALD, HERALD & BERGSMA
P. O. Box 909
Saipan, CM 96950

NIELSEN, Senior District Judge:

This is an appeal from the Commonwealth trial court, Northern Mariana Islands. Isidro Seman appeals the trial court's dismissal of the action based on lack of subject matter jurisdiction. We affirm the judgment of the trial court.

---

[*] Honorable Cristobal C. Duenas, U. S. District Judge for the Territory of Guam, sitting by designation.

[**] Honorable Leland C. Nielsen, Senior U. S. District Judge for the Southern District of California, sitting by designation.

This action involves an election contest brought under 1 CMC § 6421 et seq concerning the election of the Mayor for the Northern Islands of the Commonwealth. On October 23, 1985, defendant Vicente Aldan challenged the eligibility of twenty voters. The Board of Elections (Board) distributed a questionaire to the twenty voters on or about November 2, 1985. Plaintiff Isidro Seman received a questionaire. Ultimately, the Board rejected the votes of eight voters, including the vote of Seman.

On November 3, 1985, the election of the Mayor for the Northern Islands of the Commonwealth was held. Aldan defeated David Peters by six votes. The Board certified the results of the election on November 19, 1985.

On December 3, 1985, Seman filed an election contest complaint with the Board of Elections. The answer to the complaint raised the affirmative defense of lack of subject matter jurisdiction on the grounds that Seman did not file within seven days after discovering facts supporting the contest.

On January 7, 1986, the Board found in favor of Aldan. No findings were made as to the Board's jurisdiction. Seman appealed to the Commonwealth trial court. Aldan filed a motion to dismiss based on lack of subject matter jurisdiction. The Board joined in the motion. The court dismissed the action. Seman appeals.

## Standard of Review

The determination of whether subject matter jurisdiction exists is a question of law. Rodriguez v. Flota Mercante Grancolumbiana, SA, 703 F.2d 1069, 1071 n.2 (9th Cir. 1983) cert. denied 464 U.S. 820. Questions of law are reviewed de novo. Id.

## Discussion

1 CMC § 6423(b) provides:

> The contestant shall verify the statement of contest and shall file it within seven days after the discovery of the fact supporting the contest, except that no complaint may be filed over 30 days after the declaration of official results.

Seman knew his vote was being challenged as of November 2 when he received a questionaire from the Board. (Transcript of hearing, p.19) On or before November 17, Seman knew his vote was not going to be counted. (Transcript of hearing, p. 21) Seman filed his complaint on December 3. Clearly, Seman missed the seven day filing deadline.

Seman argues that 1 CMC 6423(b) is a limitations provision and may be waived. He contends defendants waived the deadline. We disagree.

Under common law there is no right to contest, in court, a public election. Johnson v. Stevenson, 170 F.2d 108, 110 (5th Cir. 1948). cert. denied 336 U.S. 904. The right exists only under constitutional or statutory provisions. 29 C.J.S. Elections § 247. An election statute must be strictly construed. 26 Am. Jur. 2d Elections § 318. An individual seeking relief

**155**

must strictly follow the terms of the statute. 29 C.J.S. Elections § 247. State ex rel. Hodges v. Kosciusko Circuit, 402 N.E. 1231 (Ind. 1980) (election contest petition was jurisdictionally defective where it did not follow the statutory requirement) Subject matter jurisdiction may not be waived. See Sullivan v. First Affiliated Securities Inc., 813 F.2d 1368, 1374 (9th Cir. 1987) If an administrative body is without jurisdiction, its acts are void. Doolan v. Carr, 125 U.S. 618, 625 (1887).

Even if waiver were possible, Aldan did not waive the seven-day requirement. He alleged lack of subject matter jurisdiction in his answer to the complaint filed before the Board of Elections and the complaint filed before the trial court.

Seman missed the seven day filing deadline required by 1 CMC § 6423(b). The Board of Elections was without jurisdiction to entertain the election contest. The trial court properly dismissed the action.

AFFIRMED.

CRISTOBAL C. DUENAS
Judge

ALFRED LAURETA
Judge

LELAND C. NIELSEN
Senior Judge