Walter GALSTALDI, et al., Plaintiffs,

v.

SUNVEST COMMUNITIES USA, LLC, a Florida limited liability company; E.W. Sunvest Development, LLC, a Delaware limited liability company; and IMG Academies, LLP, a Florida limited liability partnership, d/b/a IMGA, Defendants.

No. 08–62076–CIV–ALTONAGA/Brown.

United States District Court,
S.D. Florida,
Miami Division.

Feb. 17, 2009.

674

Gail Ann McQuilkin, Harley S. Tropin, Kozyak Tropin & Throckmorton, Coral Gables, FL, for Plaintiffs.

Peter W. Homer and Gregory J. Trask, Homer Bonner, P.A., Miami, FL, Andrew M. Genser and Ryan M. Morettini, Kirkland & Ellis LLP, New York City, for defendant IMG Academies, LLP.

Richard W. Epstein and Rebecca F. Bratter, Greenspoon Marder, P.A., Ft. Lauderdale, FL, for defendants Sunvest Communities USA, LLC and Sunvest Development, LLC.

### ORDER

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court on Plaintiffs, Walter Gastaldi, et al.'s Motion for Remand [D.E. 7] filed January 16, 2009. The Court has carefully considered the parties' written submissions, including Defendants, Sunvest Communities USA, LLC, et al.'s Opposition to Plaintiffs' Motion for Remand [D.E. 25], and Plaintiffs' Reply Memorandum in Support of Motion for Remand [D.E. 26], and applicable law.

### I. BACKGROUND

On November 25, 2008, Plaintiffs filed this action in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. On December 26, 2008, Defendants filed a Notice of Removal [D.E. 1], removing the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453.

Defendants assert this case is properly before the Court as a "mass action" under CAFA. Plaintiffs argue this case falls within an exception to CAFA and should be remanded to the state court.

This case arises from an allegedly fraudulent scheme in which Defendants sold Plaintiffs pre-converted condominium units in Orlando, Florida during 2006 and 2007. Defendants allegedly promised the units would be developed into a luxurious resort including a world class spa, golf course, and sports complex. Plaintiffs paid on average over $300,000 per unit, with additional costs for membership fees and closing costs. Plaintiffs allege their aggregate expenditure was approximately $70 million.

In October, 2007, Defendants allegedly walked away from the deal, without having converted a single unit, or having developed the property in any fashion. Plaintiffs allege they are left with virtually worthless, dilapidated, bug- and rodent-infested apartments. Defendants did not refund the purchase price or any additional monies spent by Plaintiffs.

### II. LEGAL STANDARD

Under 28 U.S.C. § 1447(c), a case removed from state court must be remanded if it appears that it was removed improvidently. "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1371 (9th Cir.1987) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The burden of establishing federal jurisdiction falls on the party attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Moreover, courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (citations omitted). Where the plaintiff and defendant disagree on the issue of jurisdiction, uncertainties must be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) (citations omitted).

■ In evaluating whether a case arises under federal law, a court must look to the plaintiff's "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9–10, 103 S.Ct. 2841. " '[W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute[,] . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.' " *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)).

### III. ANALYSIS

The parties agree that CAFA establishes federal jurisdiction and the consequent removal from state court of "mass actions." The parties further agree Plaintiffs' case meets the essential requirements of a mass action as defined in the statute. The only area of disagreement is whether the case falls within one particular exception to federal jurisdiction under CAFA.

### A. Federal Jurisdiction under CAFA as a "Mass Action"

Under CAFA, a "mass action" is defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact. . . ." 28 U.S.C. § 1332(d)(11)(B)(i). At the same time, CAFA provides for removal of only certain types of class actions. 28 U.S.C. § 1332(d)(2). Reading both of these subsections together, the Eleventh Circuit has determined that the following requirements must be met in order for a case to be removable as a "mass action" under CAFA: "(1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1202–03 (11th

Cir.2007). The "minimal diversity" requirement is met when one or more plaintiffs is a citizen of a different state than one or more defendants. 28 U.S.C. § 1332(d)(2)(A); *Lowery*, 483 F.3d at 1194.

■ This case clearly satisfies the four-prong test set forth in *Lowery*. The aggregate amount in controversy here far exceeds the $5,000,000 requirement, as Plaintiffs claim losses in excess of $70 million. (*See* Complaint ("Compl.") at ¶ 1). The minimal diversity prong is easily met, as the Complaint names 14 of the 177 individual Plaintiffs as citizens of Florida, while the remaining Plaintiffs are citizens of other states, and include foreign nationals. (*See id.* at ¶¶ 6–183). Defendants are all Florida corporations. (*See id.* at ¶¶ 184–188). The Complaint on its face names 177 individual Plaintiffs, thereby appearing to satisfy the numerosity requirement. (*See id.* at ¶ 6–183). Finally, the Complaint states that "[e]ach Plaintiff's claim is essentially identical to the claims of each other Plaintiff" (*id.* at ¶ 246), and "all Plaintiffs have a common right of recovery based on the same essential facts" (*id.*), thus appearing to satisfy the commonality requirement. Because this case is a "mass action" as defined by CAFA, federal jurisdiction is established unless the case falls within an exception under CAFA.

### B. Jurisdictional Exception under 28 U.S.C. § 1332(d)(11)(B)(ii)(I)

Plaintiffs claim their case falls within the exception to a "mass action" described in 28 U.S.C. § 1332(d)(11)(B)(ii)(I). This subsection states that a "mass action" shall not include any civil action in which "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State." Plaintiffs point out the following facts in support of their argument that the exception applies here: the condominium units sold are all located in Orlando, Florida; the Defendants are Florida companies with their principal places of business in Florida; sales and marketing activities relating to the sale of the property originated in Florida; Defendants' allegedly fraudulent statements were made in Florida; and the money for the properties was paid in Florida. These facts,

they argue, deprive the case of federal jurisdiction under CAFA.

Defendants maintain the exception raised by Plaintiffs does not apply because the clear language of the statute renders it inapplicable to the facts of this case. The statute states the claims must arise from "an event or occurrence," and Defendants point to the use of the singular in both the article and nouns in that phrase. Because the facts alleged involve numerous sales to numerous parties over a period of approximately one and one-half years, the single occurrence exception is inapplicable. Further, Defendants argue the exception does not apply because the injuries allegedly resulting from Defendants' actions are suffered by individuals throughout the country, and even in foreign nations, and are not confined to the State of Florida or contiguous states.

The only case on point is a fairly recent decision from the Middle District of Florida, in which the court addressed whether any CAFA "mass action" exceptions applied to warrant remand to the state court, *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F.Supp.2d 1312 (M.D.Fla.2008). In Cooper, numerous plaintiffs filed multiple suits against tobacco companies in state court. Each case named some 200 plaintiffs, for a total of approximately 3,400 plaintiffs. Defendants removed the cases to federal court, and plaintiffs sought remand. Although the court in *Cooper* focused most of its inquiry on a different exception, the court did address the exception at issue here. The court determined the single occurrence exception did not apply, "because the injuries alleged by plaintiffs are not single events or occurrences," noting that

[a]ccording to the CAFA legislative history, this exception keeps a case based on a single event or occurrence, like a chemical spill or a building collapse, in state court despite otherwise meeting the definition of a removable mass action. *See* S. Rep. 109–14, at 47 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 44. This exception does not apply to products liability cases like this one because "[t]he sale of a product to different people does not qualify as an event." *Id.*

*Id.* at 1316 (internal footnote omitted).

The specific comments of the Senate Judiciary Committee read as follows:

it is the Committee's intent that the exceptions to this provision be interpreted strictly by federal courts. The first exception [at issue here] would apply only to a truly local single event with no substantial interstate effects. The purpose of this exception was to allow cases involving environmental torts such as a chemical spill to remain in state court if both the event and the injuries were truly local, even though there are some out-of-state defendants. By contrast, this exception would not apply to a product liability or insurance case. The sale of a product to different people does not qualify as an event.

S. Rep. 109–14, at 47, *as reprinted in* 2005 U.S.C.C.A.N. 3, at 44.

■ Plaintiffs aver the legislative history provides no independent authority to support Defendants' position. Indeed, "[w]hile a committee report may ordinarily be used to interpret unclear language contained in a statute, a committee report cannot serve as an *independent statutory source having the force of law.*" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir.2006) (emphasis in original) (internal quotations and citations omitted). The Eleventh Circuit has instructed that "where the meaning of a statute is discernible in light of canons of construction, [courts] should not resort to legislative history or other extrinsic evidence." *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1225 (11th Cir.2001). Legislative history is nonetheless helpful in cases where statutes are unclear. As the *Cooper* court explained, "[w]hile the meaning of CAFA is discernible ... this is a new, complex statute and ... reasonable minds may differ. Accordingly, though 'it is error to cloud the plain meaning of a statutory provision with contrary legislative history,' it is appropriate to refer to it here because 'the legislative history comports with the interpretation that has been adopted ...'" 586 F.Supp.2d at 1321 (quoting *Lowery*, 483 F.3d at 1205).

■ Plaintiffs acknowledge that CAFA does not define where injuries "arise" or

"result" for removal purposes, but rather than turning to the legislative history for clarification, Plaintiffs look to Florida state law in venue cases. Those cases are simply not analogous and are not instructive here. The statute is fairly clear: the exception applies to "an event or occurrence" in the singular. If more clarification is required, the legislative history provides relevant commentary. Taken together, the plain language of the statute along with the legislative history mandate against remand. Sales of condominiums to hundreds of individuals around the country over a period of one and one half years simply does not constitute "an event or occurrence;" consequently, the exception under 28 U.S.C. § 1332(d)(11)(B)(ii)(I) does not apply.

## IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED AND ADJUDGED** that

1. Plaintiffs' Motion to Remand **[D.E. 7]** is **DENIED.**

2. Plaintiffs shall file a response to Defendants' Motion to Dismiss [D.E. 12] no later than February 27, 2009. Defendants' reply memorandum will be filed in the time permitted by the Rules.