Donald L. HOWARD and Evelyn Howard, Plaintiffs

v.

HIBBARD BROWN & CO., INC. and Michael S. Underwood, Defendants.

Civ. A. No. 93-2336-GTV.

United States District Court, D. Kansas.

Oct. 21, 1993.

---

[1]. Similarly, the court concludes that the *Three J Farms, Inc. v. Alton Box Board Co.* decision cited by defendants is inapposite because the state law claim asserted by plaintiffs was "not a South Carolina claim, but purely a federal claim." 1978 WL 1459, 1979-1 Trade Cases ¶ 62,423, at p. 76,550 (D.S.C.1978), *remanded*, 609 F.2d 112 (4th Cir.1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980).

**1332**

John M. Klamann, Roger H. Templin, Payne & Jones, Chtd., Overland Park, KS, for plaintiffs.

Thomas R. Docking, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, KS, Leonard Barrack, Daniel E. Bacine, Samuel R. Simon, Barrack, Rodos & Bacine, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case comes before the court on Plaintiffs' Motion to Remand (Doc. 4). The motion has been responded to and opposed by Defendants. The motion is granted.

At issue in plaintiffs' motion is whether this case was properly removed to this court based upon federal question jurisdiction, 28 U.S.C. § 1331. Specifically, the court must decide whether, under the doctrine known as "artful pleading," the claims are essentially federal in nature despite plaintiffs having framed them in terms of state law in the complaint. Plaintiffs have asserted claims based upon violations of the Kansas Securities Act, K.S.A. 17–1268, common law fraud, and common law negligence.

■ Federal courts are courts of limited jurisdiction, and the authority to remove an action from state to federal court is conferred by statute. 28 U.S.C. § 1441; *Salveson v. Western State Bankcard Ass'n,* 525 F.Supp. 566, 570 (N.D.Cal.1981) (citing *Martin v. Hunter's Lessee,* 14 U.S. (1 Wheat.) 304, 4 L.Ed. 97 (1816)). The burden is on the removing party to establish federal jurisdiction. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The removal statute is strictly construed against removal jurisdiction, doubt being resolved in favor of remand. *Thomas Well Serv. v. Williams Natural Gas Co.,* No. 93–4090, 1993 WL 393708, at *1 (D.Kan. Sept. 8, 1993) (citing *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108 (3rd Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991)).

■ It is well-established that a plaintiff is the master of his or her complaint and may decide what law he or she will rely on. *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). A defendant may remove an action from state court to federal court only if the action could have been brought there in the first place. *See* 28 U.S.C. § 1441(a). Under the "well-pleaded complaint" rule, removal is improper unless a federal question appears on the face of the complaint. *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914).

■ A plaintiff may avoid a federal question by "exclusive reliance on state law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). As one commentator has stated, "where plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground." 1A Moore's Federal Practice ¶ 0.160. On the other hand, a plaintiff may not defeat removal simply by omitting to plead necessary federal questions in his or her complaint. In cases of such "artful pleading," a court must evaluate the motive for a plaintiff's failure to plead a federal cause of action, and if the court concludes that the failure to plead the cause of action was not in good faith, but was an attempt to conceal the fact that a claim was truly federal, the court will allow removal. *In re Taxable Municipal Bonds Litigation,* No. 92–3931, 1993 WL 165729 (E.D.La. May 10, 1993) (citing *Aaron v. National Union Fire Ins. Co.,* 876 F.2d 1157, 1161 (5th Cir. 1989), *cert. denied,* 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990)).

■ The artful pleading doctrine has been construed narrowly by the federal courts interpreting it. For example, in *Redwood Theatres, Inc. v. Festival Enterprises, Inc.,* 908 F.2d 477, 479 (9th Cir.1990), the Court of Appeals for the Ninth Circuit stated that the artful pleading doctrine should be invoked only in exceptional circumstances—when the particular conduct complained of in a complaint is governed exclusively by federal law. Further, in *Sullivan v. First Affiliated Secu-*

*rities, Inc.,* 813 F.2d 1368, 1372 (9th Cir.), *cert. denied,* 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987), the Ninth Circuit held that if a plaintiff can maintain his or her claim on both state and federal grounds, the plaintiff may ignore a federal question and assert only state law claims and defeat removal. This court has previously noted that the artful pleading doctrine has generally been limited to "situations in which a plaintiff's state law claims have been 'completely preempted' by federal law." *National Mills, Inc. v. Consolidated Freightways Corp.,* No. 90–2399, 1991 WL 33467, slip op. at 6 (D.Kan. Feb. 12, 1991).

In *Peoples Nat'l Bank v. Darling,* No. 91–1052, 1991 WL 45716, \*3–4 (D.Kan. April 1, 1991), Judge Kelly of this district discussed the types of cases where the artful pleading doctrine has been recognized. The first category of cases are those where a federal statute's preemptive force is so extraordinary that it necessarily converts an ordinary state common law complaint into one stating a federal claim. *Id.* (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987)). The other group of cases encompasses those where a prior federal judgment causes the doctrine of res judicata to bar newly asserted state claims. *Id.* (citing *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)).

The justification for the use of the artful pleading doctrine in *Federated Dept. Stores, Inc. v. Moitie* has been thoroughly discussed by the courts. In *Moitie,* the Supreme Court by a footnote reference, approved a removal based upon the artful pleading doctrine. 452 U.S. at 397 n. 2, 101 S.Ct. at 2427 n. 2. One suggested rationale for the Supreme Court's approval of the *Moitie* removal is that plaintiff originally filed his case in federal court and thus acceded to federal jurisdiction. *Id.* 1991 WL 45716 at \*5 (citing *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir.1984), and *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 760–61 (2d Cir.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986)). This theory was rejected by the Ninth Circuit—the jurisdiction from which *Moitie* originat-

ed—in *Sullivan,* 813 F.2d at 1374. In *Sullivan,* the Ninth Circuit inferred a less expansive rationale for the *Moitie* removal: the artful pleading doctrine only applies to recharacterize a state law claim if the state claim has been filed in an attempt to circumvent the res judicata impact of a prior federal judgment. *Id.* at 1375–76.

In the present case, plaintiffs argue that because the state law claims were not filed in an attempt to subvert res judicata, the doctrine of artful pleading should not be applied and the case should be remanded to state court. Defendants, on the other hand, contend that plaintiffs' claims are essentially federal in nature and that plaintiffs' have attempted to frustrate the orderly operations of the court and the Judicial Panel on Multidistrict Litigation by dismissing a federal lawsuit and refiling their claims in state court.

A factual situation quite similar to the present case was presented to the court in *In re Taxable Municipal Bonds Litigation,* No. 92–3931, 1993 WL 165729 (E.D.La. May 10, 1993). In that case, the court granted plaintiffs' motion to remand and rejected defendants' argument that removal was proper under the artful pleading doctrine. A class of plaintiffs had asserted state law fraud claims against the investment division of a bank based upon securities fraud. Defendants attempted to have the case removed to federal court under the artful pleading doctrine, contending that plaintiffs' claims were by their nature claims under sections 10(b) and 10b–5 of the Securities Exchange Act of 1934. 15 U.S.C. § 78j *et seq.;* 17 C.F.R. § 240.10b–5. Defendants also argued that plaintiffs had only asserted their claims under state law to avoid being placed into multidistrict litigation.

The *Municipal Bonds* court held that while plaintiffs may have had viable claims under both federal and state law, the plaintiffs had the right to omit a meritorious federal claim if they chose to do so. *Id.* at \*3. Because the Securities Act of 1934 does not displace common law remedies, the court held that a federal claim was not "necessary" to plaintiffs' complaint. *Id.* The court went on to note that:

The artful pleading doctrine has been applied with great caution.... Unless applied with circumscription, the artful pleading doctrine may raise difficult issues of federal-state relations. An expansive application of the doctrine could effectively abrogate the rule that a plaintiff is master of his or her complaint. Those courts of appeal that have applied the doctrine have done so primarily in the context of § 301 of the Labor Management Relations Act, not only because the extent of federal primacy is well established, but because all state law is displaced.

*Id.* at *3–4 (citing *United Jersey Banks v. Parell*, 783 F.2d 360, 363 (3rd Cir.), *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986)).

This court is persuaded that the reasoning set forth by the *Municipal Bonds* court is correct as to the application of the artful pleading doctrine in cases involving securities fraud claims. Because plaintiffs' securities fraud claims in the present case are viable under both state law and federal law, the court cannot say that the claims are "essentially" federal in nature. As in the *Municipal Bonds* case, this court is faced with a situation where plaintiffs have declined to assert a federal claim and instead couched their complaint solely in terms of state law, presumably to avoid being placed in multidistrict litigation. As the *Municipal Bonds* court wrote, "While the decision to forego federal claims may have been strategic, it has not been shown by defendant to be fraudulent." *Id.* at *5.

This case differs from the *Municipal Bonds* case only with respect to the fact that plaintiffs initially filed a case in federal court, then dismissed it and refiled in state court when faced with the possibility of multidistrict litigation. The court concludes that the procedural maneuvering by the plaintiffs is not enough reason to place this case into the realm of the artful pleading doctrine. The court knows of no other case where a dismissal and refiling of a claim has in itself

been the basis for application of the artful pleading doctrine.

Defendants suggest that other courts have recognized the applicability of the artful pleading doctrine in cases where plaintiffs have filed a case in federal court or otherwise acceded to federal jurisdiction. *See Salveson v. Western States Bankcard Ass'n*, 525 F.Supp. 566, 577 (N.D.Cal.1981), *aff'd in part and rev'd in part*, 731 F.2d 1423 (9th Cir. 1984); *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 760–61 (2d. Cir.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986). It appears to the court that the *Salveson* decision hinged not upon the plaintiff's previous filing of his claims in federal court, but on his attempt to avoid the res judicata effect of the resolved federal claims by refiling them under state law. 525 F.Supp. at 578. In *Travelers*, the court recognized that the artful pleading doctrine might apply in a case where a plaintiff has an initial opportunity to be master of his claim and elected to assert it in federal court without asserting a pendent state claim. Having done so and foregone the opportunity to plead the state law claim, such a plaintiff would not be free to abuse the dual court system by filing a second lawsuit in state court later. 794 F.2d at 760–61. This "election of forum" rational has been criticized, *see Sullivan*, 813 F.2d at 1374, and has apparently been adopted by the Second Circuit only. Further, neither the situation in *Salveson* nor the situation in *Travelers* is similar to the present case and the court sees no reason to extend their limited applications of the artful pleading doctrine to the case at hand.[1]

For the foregoing reasons, therefore, plaintiffs' motion to remand is granted. This court lacks subject matter jurisdiction over the case. It shall be remanded to state court.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion to remand (Doc. 4) is granted. The case is remanded to

---

1. Similarly, the court concludes that the *Three J Farms, Inc. v. Alton Box Board Co.* decision cited by defendants is inapposite because the state law claim asserted by plaintiffs was "not a South Carolina claim, but purely a federal claim." 1978 WL 1459, 1979–1 Trade Cases ¶ 62,423, at p. 76,550 (D.S.C.1978), *remanded*, 609 F.2d 112 (4th Cir.1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980).