Sylvia TABRON, Plaintiff,

v.

COLGATE–PALMOLIVE COMPANY and Anna Guthrie, Defendants.

Civ. A. No. 95–2008–GTV.

United States District Court, D. Kansas.

March 20, 1995.

Gene P. Graham, Jr., Rebecca L. Rolf, White, Allinder, Grate & Graham, Independence, MO, for plaintiff.

Christine M. McKee, Lathrop & Norquist, Overland Park, KS, Jack D. Rowe, Brian N. Woolley, Lathrop & Norquist, Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

In this suit against her former employer, Colgate–Palmolive Company ("Colgate"), and

Anna Guthrie, an employee of Colgate, plaintiff seeks damages for defendants' alleged acts and omissions which prevented plaintiff from timely filing for benefits under Colgate's disability benefits plan. The case is before the court on the following motions: (1) plaintiff's motion to remand (Doc. 8), and (2) defendants' motion for summary judgment (Doc. 5). For the reasons explained below, both motions are denied.

## I. Motion to Remand

■ Plaintiff filed this action in the District Court of Wyandotte County, Kansas. Her petition comprises common law fraud and breach of contract claims, and alleges that her application for disability benefits was not timely filed or processed by defendants. Defendants filed a timely notice of removal on the basis that plaintiff's claims come within the purview of § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and are preempted by ERISA § 514(a), 29 U.S.C. § 1144(a). In her motion to remand, plaintiff contends that her claims are based entirely on state law and are not preempted by ERISA.

■ A civil action is removable only if it could have been brought in federal court originally. 28 U.S.C. § 1441(a). Defendants contend that this court has original jurisdiction because plaintiff's action arises under federal law. 28 U.S.C. § 1331. The determination of whether an action arises under federal law is made by reference to the "well-pleaded complaint" rule. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). The rule provides that federal question jurisdiction exists only when the federal question appears on the face of plaintiff's complaint. *Id.; Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914). A necessary implication of the well-pleaded complaint rule is that a defense that raises a federal question is inadequate to confer jurisdiction on the federal courts. *Franchise Tax Board,* 463 U.S. at 10, 103 S.Ct. at 2846–47; *Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). The rule makes the plaintiff the master of his or her complaint,

and he or she may avoid a federal question by "exclusive reliance on state law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913).

The Supreme Court, however, has held that an action alleging only state law claims is removable to federal court if it gives rise to the defense of ERISA preemption. *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987); *see also Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 508 (10th Cir. 1991). The Court explained that "[o]ne corollary of the well-pleaded complaint rule developed in the case law … is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life,* 481 U.S. at 63–64, 107 S.Ct. at 1546. The Court based its holding on the explicit direction from Congress that suits to enforce rights granted to plan participants and beneficiaries under ERISA are to be regarded as arising under the laws of the United States. *Id.* at 64–65, 107 S.Ct. at 1546–47. The Court also considered the unique preemptive force of ERISA along with the comprehensive scheme of remedies provided by the Act, noting that the policy decisions reflected by the inclusion and exclusion of certain remedies in section 502 would be undermined if state laws were left to provide additional remedies. *Id.*

■ Plaintiff argues that her common law claims of fraud and breach of contract are not preempted by ERISA. The scope of ERISA preemption, however, is very broad. ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered under the statute, except as noted in 29 U.S.C. § 1144(b). 29 U.S.C. § 1144(a). In this case, plaintiff's claims arise from an alleged failure by defendants to properly process her application for disability benefits under an employer-sponsored plan. In her motion to remand, plaintiff does not argue that the disability benefits plan fails to qualify as an "employee benefit plan" as that term is de-

fined in ERISA. *See* 29 U.S.C. § 1002(2)(A), (3). Rather, the only question is whether plaintiff's state law claims "relate to" that plan.

■ A state law relates to a benefit plan "if it has a connection with or reference to such a plan." *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985) (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97–98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)). The Supreme Court has specifically held that ERISA preempts state common law causes of action that assert improper processing of claims under a benefit plan. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). The Court noted that ERISA's preemption provision is "deliberately expansive," *id.* at 46, 107 S.Ct. at 1552, and that the "phrase 'relate to' [should be] given its broad common sense meaning." *Id.* at 47, 107 S.Ct. at 1553.

Plaintiff's claims of fraud and breach of contract are clearly "related to" an ERISA benefit plan. Count I of her complaint is titled "Breach of Contract." She alleges that while an employee of Colgate she suffered from a medical condition which eventually forced her to stop working. According to the complaint, she was eligible for disability benefits through the employer plan and filed the proper application forms with defendants. She alleges that defendants failed to process her disability application and then later denied having received the forms. Plaintiff further asserts that Colgate induced her to apply for early retirement and that she was then precluded from ever receiving the disability benefits to which she was entitled. Plaintiff does not specifically identify the "contract" that she alleges was breached, but it is apparent from her pleading that she is referring to the disability benefit plan.

In Count II, plaintiff's claim of fraud, she alleges that Colgate failed to advise her that by accepting early retirement she would be ineligible for benefits under the disability plan. She further asserts that defendants falsely represented to plaintiff that her disability benefits application would be processed in a timely fashion and that plaintiff relied to her detriment on this misrepresentation. She alleges that defendants sought to deprive her of the benefits to which she was entitled and that defendants' actions were taken in bad faith.

The court concludes that plaintiff's claims directly relate to the employer's benefit plan, and that her state law claims are preempted by ERISA. Plaintiff alleges that she was eligible for benefits, that her application was improperly processed, and that as a result her benefits were denied. Her claim at a minimum requires an examination of the benefit plan's eligibility requirements and a determination of whether plaintiff was otherwise eligible for benefits if her claim had been processed as she believes it should have been. Other courts have consistently found that state law claims for breach of contract, which relate to an employee benefit plan, are preempted. *See Metropolitan Life,* 481 U.S. at 62, 107 S.Ct. at 1545–46; *Kelso v. General American Life Ins. Co.,* 967 F.2d 388, 390 (10th Cir.1992); *Settles,* 927 F.2d at 509; *Straub v. Western Union Telegraph Co.,* 851 F.2d 1262, 1264 (10th Cir.1988). State law claims for bad faith denial of benefits under a benefit plan have likewise been found preempted. *See Pilot Life,* 481 U.S. at 48–51, 107 S.Ct. at 1553–55; *Carland v. Metropolitan Life Ins. Co.,* 935 F.2d 1114, 1119 (10th Cir.), *cert. denied,* 502 U.S. 1020, 112 S.Ct. 670, 116 L.Ed.2d 761 (1991).

Plaintiff contends that her claims do not relate to the disability benefits plan because benefits under the plan are derived through a group disability insurance policy and plaintiff has not brought this action against the insurance carrier. This argument is unpersuasive. Failure to sue the plan directly does not alter the nature of the claim. *See Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1292–93 (5th Cir.1989) (rejecting plaintiff's argument that state law claims were not preempted by ERISA because plaintiff sought recovery from employer rather than ERISA plan itself); *Carter v. Amax Coal Corp.,* 748 F.Supp. 812 (D.Utah 1990) (holding that state law claims were preempted by ERISA even though plaintiff did not name plan administrator as defendant).

Plaintiff also contends that her claims are not preempted because she seeks damages from only the named defendants and does not seek benefits from the ERISA plan. This contention, however, does not succeed in divorcing plaintiff's claims from Colgate's benefits plan. If plaintiff is successful in her claims, the amount of her damages would necessarily be based on what she would have received in benefits under the plan. This is the only rational method for computing damages. The damages sought by plaintiff therefore demonstrate that her claims are closely related to the benefit plan itself. *See Cefalu,* 871 F.2d at 1294 (finding state law contract claim was preempted by ERISA in spite of plaintiff's assertion that he sought no recovery from the assets of the plan).

Plaintiff also cites *McLean v. Carlson Companies, Inc.,* 777 F.Supp. 1480 (D.Minn. 1991) for the proposition that if ERISA provides no remedy against defendants for the alleged wrongdoing, then plaintiff's state law causes of action, even if preempted by ERISA, are not removable. The court in *McLean* was merely applying the rule set out by the Supreme Court in *Metropolitan Life,* that an action is removable "if the state law claims asserted in the complaint are preempted by ERISA *and* fall within the scope of ERISA's civil enforcement provision, section 502(a)." *McLean,* 777 F.Supp. at 1482 (citing *Metropolitan Life,* 481 U.S. at 64–66, 107 S.Ct. at 1546–48). This standard does not require, however, that ERISA must provide a remedy against the defendants named in the suit or that ERISA provide a remedy under the facts of a particular case. The requirement for removal is only that the state law claims fall within ERISA's civil enforcement provision. Under ERISA, a plan participant may sue to recover benefits due under the plan. *See* 29 U.S.C. § 1132(a)(1)(B). In this case, therefore, ERISA clearly provides a civil action for the claims which plaintiff asserts.

Based on the foregoing, the court concludes that plaintiffs' state law claims sufficiently "relate to" Colgate's benefit plan and are therefore preempted by ERISA. Accordingly, plaintiff's motion to remand will be denied.

## II. Summary Judgment Motion

■ The next issue is whether plaintiff can maintain her action under one of ERISA's civil enforcement provisions. Even though plaintiff's state law claims are preempted by ERISA, it does not necessarily follow that the action must be dismissed. If the allegations contained in plaintiff's complaint state a claim for relief under one of ERISA's civil enforcement provisions, she may maintain her action in this court. *See Slice v. Norway,* 978 F.2d 1045, 1046–47 (8th Cir.1992) (district court erred in dismissing state law claims as preempted without determining whether allegations stated a federal claim for relief).

In their summary judgment motion, defendants contend that even if plaintiff's common law claims are deemed to be brought under ERISA, her claims still must be dismissed because plaintiff has failed to exhaust her administrative remedies. Before ruling on the substantive merits of defendants' motion, the court will address two procedural issues raised by plaintiff in opposing the motion.

■ Plaintiff first contends that defendants, in the statement of uncontroverted facts to support the summary judgment motion, have failed to comply with Fed.R.Civ.P. 56(e) and D.Kan. Rule 112 by omitting any reference to the record. Rule 56(e) deals with evidentiary affidavits, both supporting and opposing, which the court may consider in determining whether to grant or deny summary judgment. D.Kan. Rule 112(a) provides that when statements of facts are included in briefs and memoranda filed with the court each statement of fact should be supported by reference to the record. More pertinent to plaintiff's argument is D.Kan. Rule 206(c) which directs that a "memorandum or brief in support of a motion for summary judgment shall begin with a section containing a concise statement" of uncontroverted material facts which "shall be numbered and refer with particularity to those portions of the record upon which movant relies."

Defendants' brief in support of summary judgment (Doc. 7) begins with a section titled "Undisputed Facts" which contains nine

numbered statements of fact. The statements do not include any references to the record. Along with their brief, defendants filed an affidavit of Robert W. Dietz (Doc. 6), who is a manager for Colgate. The affidavit contains ten numbered paragraphs. The last nine paragraphs are nearly identical to the nine statements of fact contained in defendants' brief in support of summary judgment. Defendants filed no other evidentiary documents or records in connection with their summary judgment motion.

While strict compliance with rules of procedure is always the prudent course, in this case plaintiff has suffered no prejudice and the court has not been inconvenienced by defendants' omission. The affidavit of Mr. Dietz is the only evidentiary record on file and it consists of only ten paragraphs. The statement of facts in defendants' brief mirrors the affidavit. Under these circumstances, the court will impose no sanction for the failure to technically comply with D.Kan. Rule 206(c).

■ Plaintiff next contends that the summary judgment motion is premature and that plaintiff needs to conduct further discovery in order to oppose the motion. Fed.R.Civ.P. 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Tenth Circuit, in a recent case, summarized the rules governing a Rule 56(f) motion as follows:

> To invoke the protection of Rule 56(f), the party filing the affidavit must state with specificity how "the desired time would enable [the nonmoving party] to meet its burden in opposing summary judgment." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir.1986); *see also Guthrie v. Sawyer*, 970 F.2d 733, 738 (10th Cir.1992); *Weir v. Anaconda Co.*, 773 F.2d 1073, 1081–83 (10th Cir.1985). "Rule

56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable...." *Pasternak*, 790 F.2d at 833. Moreover, merely asserting " 'that the evidence supporting a [party's] allegation is in the hands of the [opposing party] is insufficient to justify a denial of a motion for summary judgment under Rule 56(f).' " *Weir*, 773 F.2d at 1083 (quoting *Patty Precision [v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir.1984) ] ).

*Jensen v. Redevelopment Agency of Sandy City,* 998 F.2d 1550, 1554 (10th Cir.1993).

In this case, the affidavit of plaintiff's attorney merely states that plaintiff has had no opportunity to conduct any discovery which would enable her to respond to the summary judgment motion. Plaintiff has failed to identify any facts which she believes will be discovered, or how facts which may be discovered would be useful in opposing the summary judgment motion. Plaintiff has made no showing that additional discovery time would establish facts sufficient to create a genuine issue of fact. Applying the standard summarized above, the court finds that plaintiff's request for additional time to conduct discovery must be denied.

Having found no procedural impediment to defendants' summary judgment motion, the court will now consider the substantive issue raised in that motion. Following is a summary of the uncontroverted facts submitted by defendants in support of their motion.

Colgate operates a manufacturing facility for the production of bar soap and other products in Kansas City, Kansas. Plaintiff was employed at the Kansas City, Kansas plant until September 1, 1993, when she was terminated pursuant to a special retirement program. At the time of plaintiff's retirement, defendant Anna Guthrie was employed by Colgate as its Occupational Health Nurse at the Kansas City, Kansas plant.

During plaintiff's employment, Colgate maintained a disability benefit plan for employees which provided benefits for eligible and qualified employees. The benefits under the plan were provided through Colgate and

a group insurance policy issued by UNUM Life Insurance of America. The plan administrator is Colgate's Employee Relations Committee. The plan includes a procedure for appealing a claim which has been denied. That appeal procedure specifies that any appeal of a denied claim must be presented to the Employee Relations Committee or to the insurance company within 90 days of the denial.

Colgate's records show that, as of the date of her termination, plaintiff was receiving disability benefits from Colgate as a supplement to workers' compensation benefits she was also receiving. Upon her termination, she ceased her active employment with Colgate and her supplemental disability payments also ceased. The workers' compensation payments to plaintiff continued after her retirement. Colgate's records also show that plaintiff filed a claim for short term disability benefits and that she was notified of the denial of her claim for these benefits under the plan on January 31, 1994. Plaintiff never appealed that decision.

■■■ The court is mindful of the standards for summary judgment. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court considers all evidence and reasonable inferences therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). The non-moving party, however, "may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). Thus, summary judgment may be entered "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case." *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■■■ Defendants contend that plaintiff's claims, even if deemed to be brought under ERISA, must still fail because plaintiff has not exhausted the plan's administrative appeal procedures. ERISA does not specifically require exhaustion of a plan's administrative remedies prior to initiating a civil action. *Amato v. Bernard,* 618 F.2d 559, 566 (9th Cir.1980). Courts, however, have recognized that an ERISA cause of action accrues when an application for benefits is denied, and therefore exhaustion of administrative remedies is a prerequisite to seeking judicial relief. *Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1205–06 (10th Cir.1990); *Medina v. Anthem Life Ins. Co.,* 983 F.2d 29, 33 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 66, 126 L.Ed.2d 35 (1993); *Smith v. Blue Cross & Blue Shield,* 959 F.2d 655, 658–59 (7th Cir.1992); *Horan v. Kaiser Steel Retirement Plan,* 947 F.2d 1412, 1416 (9th Cir.1991); *Springer v. Wal–Mart Associates' Group Health Plan,* 908 F.2d 897 (11th Cir.1990); *Weldon v. Kraft, Inc.,* 896 F.2d 793, 800 (3d Cir.1990); *Makar v. Heath Care Corp. of Mid–Atlantic,* 872 F.2d 80, 82–83 (4th Cir.1989). Failure to exhaust administrative remedies may result in dismissal of an ERISA action brought to challenge the denial of benefits. *See Baxter v. C.A. Muer Corp.,* 941 F.2d 451 (6th Cir. 1991); *Springer,* 908 F.2d 897.

■■■ The exhaustion requirement, however, is not absolute and may be waived in certain situations. Exceptions to the exhaustion requirement have been recognized in situations in which a claimant is denied meaningful access to the plan's administrative claims procedure, *see Curry v. Contract Fabricators Inc. Profit Sharing Plan,* 891 F.2d 842, 846 (11th Cir.1990), and when resort to administrative remedies is futile or the remedy inadequate. *See Springer,* 908 F.2d at 899.

Also related to the administrative exhaustion requirement are regulations which define certain minimum requirements for employee benefit plan claims procedures which have been promulgated under the authority of 29 U.S.C. § 1133. Regulations provide

that each plan must establish a procedure for a claimant to appeal a denied claim and receive a full review of the denial. 29 C.F.R. § 2560.503–1(g)(1). A further requirement is that the "[c]ontent of notice ... to every claimant who is denied a claim for benefits ... set[ ] forth ... [a]ppropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review." 29 C.F.R. § 2560.503–1(f)(4).

In this case, the uncontroverted facts establish that the benefit plan contained an appeal process and that plaintiff was sent written notice that her claim had been denied. The denial notice itself, however, is not a part of the record, and defendants have not established, or even alleged, that the notice sent to plaintiff meets the regulatory requirements by providing information regarding the appeals procedure. Defendants have not alleged that plaintiff had knowledge of the plan's appellate procedures. *See Conley v. Pitney Bowes,* 34 F.3d 714, 718 (8th Cir. 1994) (denying summary judgment based on failure to exhaust administrative remedies when defendants failed to allege that plaintiff or his attorney had actual knowledge of plan's appeal process). Finally, the plan itself is not a part of the record and the court is thus precluded from determining whether it comports with regulatory requirements for a full review on appeal.

Based on the record before it, the court is unable to conclude that plaintiff's claims must be dismissed for failure to exhaust administrative remedies under the benefit plan. For this reason, defendants' motion for summary judgment will be denied.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion to remand (Doc. 8) is denied.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Doc. 5) is also denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**