**Garry DE YOUNG and Mary De Young, Plaintiffs,**

v.

**Judge Frederick LORENTZ, Defendant.**

**Civ. A. No. 95–4072–DES.**

United States District Court, D. Kansas.

May 10, 1995.

Garry De Young and Mary De Young, Stark, KS, pro se.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the court's sua sponte examination of Garry and Mary De Young's notice of removal, which the court also construes as a complaint against Judge Frederick Lorentz.

### I. BACKGROUND

On January 7, 1992, Mr. and Mrs. De Young borrowed money from the Community National Bank ("the bank") to refinance a loan on their 1987 Chevrolet Cavalier. They signed a promissory note on the same date. As collateral for the loan, they granted the bank a security interest in their Cavalier. In late July or early August of 1992, they took the Cavalier to R & R Motors for engine repairs; however, R & R Motors failed to repair adequately plaintiffs' automobile. Sometime thereafter, Mr. and Mrs. De Young apparently missed one or more payments on their note. The bank and Mr. and Mrs. De Young exchanged several letters discussing Mr. and Mrs. De Young's delinquency and the circumstances causing the delinquency. On February 1, 1995, the bank filed a one count petition in the District Court of Neosho County, Kansas, to recover on the note. Summons was issued the same date. On February 10, 1995, Mr. and Mrs. De Young filed their response in which they denied owing any money on the note; they also indicated they were seeking $25,000,000 for life threatening stress caused by plaintiff's action. The bank moved for summary

judgment on its claim March 28, 1995. On March 30, 1995, Judge Lorentz issued a formal Journal Entry, in which he granted the bank's motion and found that Mr. and Mrs. De Young never properly joined Mr. Kurt Kluin, the bank's attorney, as a counterclaim defendant. On April 3, 1995, Mr. and Mrs. De Young submitted a notice of removal and moved this court to proceed in forma pauperis. On May 4, 1995, the court granted their motion and the clerk filed their notice of removal.

### II. DISCUSSION

Mr. and Mrs. De Young proceed pro se and in forma pauperis. Since they represent themselves, the court liberally construes their pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Although they indicate they intend to remove the state action, they style their motion, and all of their other submissions to this court, as if they are bringing an independent action against Judge Lorentz. Because they proceed pro se, and because the court must liberally construe their pleadings, the court treats their notice of removal as an attempt both to remove and to file a separate action.

#### A. Removal

The bank captioned its state court action as follows: Community National Bank, a corporation, plaintiff, v. Garry De Young and Mary De Young, defendants. Diversity was not present. Mr. and Mrs. De Young counterclaimed alleging extortion, "elder abuse," and abuse of process.[1] Judge Lorentz entered summary judgment in favor of the bank on its claim. Instead of appealing the judgment to the state appellate court, Mr. and Mrs. De Young filed a notice of removal with this court. They captioned their notice as follows: Garry De Young and Mary De Young, plaintiffs and defendants, v. Judge Frederick Lorentz, defendant. Their notice indicates they intended to remove their extortion, "elder abuse," and abuse of process counterclaims; additionally, they purported to remove various constitutional claims

1. They later attempted to join Mr. Kluin, the bank's attorney, as a counterclaim defendant.

against Judge Lorentz. They seek a money judgment against the bank, as well as Mr. Kluin, on their extortion, "elder abuse," and abuse of process counterclaims; they apparently also seek a money judgment against Judge Lorentz and request the court to overturn all of his rulings which were adverse to them.

28 U.S.C. § 1441 provides, in part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by ... the defendants, to the district court of the United States...." "Since removal is entirely a statutory right, the relevant procedures must be followed." *Cohen v. Hoard,* 696 F.Supp. 564, 565 (D.Kan.1988). At any time before final judgment, the court must remand a case that appears to have been removed improperly. 28 U.S.C. § 1447(c). The burden of showing that removal is proper rests with the moving party. *First Nat. Bank & Trust Co. v. Nicholas,* 768 F.Supp. 788, 790 (D.Kan.1991).

In the instant case, removal is improper for the following two reasons: (1) the court lacks jurisdiction; and (2) Mr. and Mrs. De Young's notice was untimely.

First, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). A defendant may remove an action from state court pursuant to 28 U.S.C. § 1441(b) if the federal district court has original jurisdiction founded either on federal question or diversity. As previously noted, diversity does not exist. Although Mr. and Mrs. De Young refer to themselves as plaintiffs, they were defendants and counterclaimants in the state court. The bank initiated the instant action to recover on a note. It asserted no federal claims in its petition. Mr. and Mrs. De Young counterclaimed against the bank on

three different theories (i.e., extortion, "elder abuse," and abuse of process); additionally, in their notice of removal, they alleged that Judge Lorentz violated various rights guaranteed them by the federal Constitution. Removal based on federal question jurisdiction is improper unless a federal claim appears on the face of the well-pleaded complaint. *Id.* No such claims are present here. The bank's petition presents only a state claim. The constitutional claims Mr. and Mrs. De Young raise in their notice are insufficient to create a federal question for the purposes of removal. *See Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936) (explaining that the federal question must be "disclosed upon the face of the complaint, unaided by the answer or by the petition for removal"). Finally, to the extent Mr. and Mrs. De Young argue that the survival of their three state law counterclaims against the bank somehow supports removal, the court rejects their argument as meritless.

Second, even if the court had original jurisdiction, Mr. and Mrs. De Young filed their notice of removal outside the time provided by 28 U.S.C. § 1446(b). The procedure for removal is set forth in 28 U.S.C. § 1446. Section 1446(b) establishes the schedule for filing a notice of removal and provides, in pertinent part, as follows:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Their notice is untimely;[2] therefore, the case must be remanded. *See First Nat. Bank &*

---

**2.** On February 1, 1995, the bank filed its one count petition in state court and the clerk issued summons. It is unclear precisely when the summons and petition were served on Mr. and Mrs. De Young; however, on February 10, 1995, Mr. and Mrs. De Young filed their "Response to

Summons Dated @ ! (% 2–1–95 [sic]," in which they briefly addressed the bank's claim, denied any liability on the note, and stated a counterclaim for $25,000,000. The date Mr. and Mrs. De Young received a copy of the petition is critical for the purposes of § 1446(b). *Rothwell*

*Trust Co.*, 768 F.Supp. at 790 (D.Kan.1991) (stating that "[f]ailure to timely file a notice for removal is a defect requiring remand to the state court").

### B. *The Notice Construed as a Complaint*

28 U.S.C. § 1915(d) allows the court to dismiss an in forma pauperis suit if it is frivolous. A suit is frivolous if the factual contentions supporting the claim are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 31–33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992), or the claim is based on a legal theory that is "indisputably meritless," *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Plaintiffs' complaint may be dismissed as frivolous if it lacks an arguable basis either in law or fact. *Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831–32.

In their notice of removal, Mr. and Mrs. De Young allege, in part, that Judge Lorentz engaged in practices which deprived them of rights secured by the First, Seventh, Tenth, and Fourteenth Amendments to the United States Constitution.[3] To the extent the court construes the notice of removal as a complaint against Judge Lorentz, the notice seems to contemplate an action under 42 U.S.C. § 1983. Nevertheless, the court finds it necessary to dismiss their claims against Judge Lorentz.

Trial judges have absolute immunity from liability for acts done in their official capacity. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978). The policy underlying immunity

is that a judge must feel free to make decisions without concern about retaliation. "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1872). "[A judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. [Citation omitted]. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 287–88, 116 L.Ed.2d 9 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* 435 U.S. at 356–57, 98 S.Ct. at 1105 (quoting *Bradley v. Fisher*, 13 Wall. 335, 351, 20 L.Ed. 646 (1872)).

Mr. and Mrs. De Young challenge acts done in Judge Lorentz's official capacity; however, they fail to demonstrate in their complaint that Judge Lorentz acted in the clear absence of all jurisdiction, as is necessary to deprive a judge of immunity. Their

---

*v. Durbin*, 872 F.Supp. 880, 881 (D.Kan.1994). Mr. and Mrs. De Young received a copy of the petition at least by the date they filed their response to the bank's cause of action. Because it is unclear on what date between February 1 and February 10 Mr. and Mrs. De Young actually received a copy of the petition, the court, out of an abundance of caution, finds, for the purposes of this Memorandum and Order, that they received a copy of the petition on February 10. Mr. and Mrs. De Young did not submit their notice of removal until April 3, 1995, well after the 30-day period provided by 28 U.S.C. § 1446(b) had expired.

3. Although plaintiffs allege a laundry list of constitutional violations, it appears their chief rea-

son for suing Judge Lorentz is that he granted summary judgment against them. They allege that by ordering summary judgment Judge Lorentz deprived them of their right to jury trial under the Seventh Amendment; their other constitutional claims flow from, and are appurtenant to, this alleged Seventh Amendment violation. As an initial matter, the court notes that plaintiffs do not argue the procedure was improperly applied; but, instead, they challenge the constitutionality of the procedure itself. The Supreme Court has held that summary judgment, when applied properly, does not violate the Seventh Amendment. *Fidelity & Deposit Co. v. United States ex rel. Smoot*, 187 U.S. 315, 319–21, 23 S.Ct. 120, 121–22, 47 L.Ed. 194 (1902).

claims against him must fail. The court, therefore, dismisses Mr. and Mrs. De Young's complaint pursuant to 28 U.S.C. § 1915(d).

### III. *CONCLUSION*

Because Mr. and Mrs. De Young proceed pro se and in forma pauperis, the court liberally construes their notice as an attempt both to remove and to initiate a separate suit. After reviewing the record before it, which includes a copy of Mr. and Mrs. De Young's file from the state proceeding, the court finds that removal is improper and the case should be remanded; the court further finds Judge Lorentz is immune and the complaint should be dismissed.

**IT IS BY THE COURT THEREFORE ORDERED** that the instant case is remanded to Neosho County.

**IT IS FURTHER ORDERED** that, to the extent the court construed Mr. and Mrs. De Young's notice of removal as a complaint against Judge Lorentz, the complaint is dismissed.