The CITY OF PARK CITY,
KANSAS, Plaintiff,

v.

RURAL WATER DISTRICT NO.
2, SEDGWICK COUNTY,
KANSAS, Defendant.

Civil Action No. 97–1054–FGT.

United States District Court,
D. Kansas.

April 16, 1997.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the plaintiff's motion to remand, Doc. 8. Plaintiff filed this action in the Eighteenth Judicial District, District Court of Sedgwick County, Kansas, seeking declaratory and other relief under K.S.A. 12–527. That statute provides the procedure, once land located within a rural water district has been annexed by a municipality, for the municipality to purchase the facilities owned by the rural water district and used for the transportation and distribution of water within the annexed area. Upon the defendant's failure to participate in the selection of an appraiser for the determination of value, the plaintiff filed this action. The defendant thereafter removed the action to this court, alleging federal question jurisdiction. For the reasons set forth herein, the motion to remand shall be granted.

■ The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," may be removed by the defendant to the district court of the United States. 28 U.S.C. § 1441(a). Only state court actions that could originally have been filed in federal court may be removed to federal court by the defendant. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987); *Tabron v. Colgate–Palmolive Co.,* 881 F.Supp. 512, 514 (D.Kan.1995).

■ The burden of establishing federal jurisdiction, thus showing that removal is proper, rests with the removing party. *Widmer v. Hibbard Brown Co. Inc.* 835 F.Supp. 1327, 1328 (D.Kan.1993). The removal statute is strictly construed against removal jur-

isdiction, doubt being resolved in favor of remand. *Id.*

The defendant asserts that jurisdiction is conferred by the federal question statute, 28 U.S.C. § 1331, because plaintiff's action arises under federal law, 7 U.S.C. § 1926(b). Section 1926 of Title 7 authorizes the Secretary of Agriculture to make loans to rural water districts to provide for the conservation, development, use and control of water. 7 U.S.C. § 1926(a)(1). Section 1926(b) provides:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

*Id.* § 1926(b).

■ The determination of whether an action arises under federal law is made by reference to the well-pleaded complaint rule. Removal based on federal question jurisdiction is improper unless a federal claim appears on the face of the plaintiff's well-pleaded complaint. *DeYoung v. Lorentz,* 887 F.Supp. 254, 257 (D.Kan.1995); *Tabron,* 881 F.Supp. at 514; *Widmer,* 835 F.Supp. at 1328.

■ The plaintiff's anticipation of a defense based on federal law is not enough to make the case arise under federal law. Nor is the defendant's assertion of a defense based on federal law, such as federal preemption of the state law on which the plaintiff's claim is based, a proper basis for removal. *Schmeling v. NORDAM,* 97 F.3d 1336, 1339 (10th Cir.1996).

Under the well-pleaded complaint rule, the plaintiff is the master of its complaint and may decide what law it will rely on. The plaintiff may avoid federal question jurisdiction by exclusive reliance on state law. *Cat-*

*erpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987); *Schmeling,* 97 F.3d at 1339; *Tabron,* 881 F.Supp. at 514; *Widmer,* 835 F.Supp. at 1328.

Under the artful pleading doctrine, however, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of its claim. *Schmeling,* 97 F.3d at 1339. In such cases of "artful pleading," the court must evaluate the motive for plaintiff's failure to plead a federal cause of action, and if the court concludes that the failure to plead the cause of action was not in good faith, but was an attempt to conceal the fact that a claim was truly federal, the court will allow removal. *Widmer,* 835 F.Supp. at 1328–29. The artful pleading doctrine has generally been limited to situations in which a plaintiff's state law claims have been completely preempted by federal law. *Id.*

The complete preemption doctrine provides that a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim federal in character. *Schmeling,* 97 F.3d at 1339. The doctrine is very limited and does not provide a basis for removal jurisdiction in every case involving a federal preemption defense. *Id.* The Tenth Circuit has recently stated that the complete preemption doctrine is a "term of art" that describes the situation "in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal." *Id.* at 1342.

In deciding whether removal in this case was appropriate under the complete preemption doctrine, the court must determine whether (1) the federal law preempts the state law relied upon by plaintiff; and (2) Congress intended to allow removal in such cases, as manifested by the provision of a federal cause of action to enforce the federal law. *Id.* at 1343.

In the present case, the plaintiff has not engaged in artful pleading by failing to plead any federal questions that are essential to its claim. Plaintiff's claim is not essential-ly federal in nature; it is based entirely on state law. Plaintiff's claim involves the determination under state law of its right to purchase water transportation and distribution facilities from a rural water district, another political subdivision of the state, following its annexation of land located within the rural water district. A federal statute may provide a defense and federal law may preempt state law to some degree in this case. However, there is no federal cause of action to substitute for plaintiff's state law cause of action.

In applying the complete preemption doctrine to the present case, the court finds no indication that Congress intended to preempt state laws governing a municipality's annexation of land contained within a rural water district and substituting a federal cause of action in its place. While 7 U.S.C. § 1926(b) may provide a defense to the plaintiff's action, that defense may be raised in state court.

A rural water district's rights under 7 U.S.C. § 1926(b) are qualified, not absolute or exclusive. The right is not permanent, but is contingent on the district's outstanding federal debt. It does not prevent the municipality from purchasing facilities from the district, if done pursuant to federal regulations. *See Glenpool Utility Services Authority v. Creek County Rural Water District No. 2,* 861 F.2d 1211, 1216 (10th Cir.1988) (removal jurisdiction because federal agency a party).

Section 1926(b) does, however, protect the indebted rural water district from competition while its debt is outstanding and preempts any state law which gives a city the authority to provide water service in the relevant area. *City of Grand Junction v. Ute Water Conservancy District,* 900 P.2d 81, 88 (Colo.1995).

Section 1926(b) prevents a city from encroaching on a rural water district's service area by annexation or otherwise. A city cannot replace the rural water district as supplier of water by annexing the area served by the district. *See Glenpool Utility Services Authority,* 861 F.2d at 1214. A city

may not substitute itself as supplier of water for the area served by the rural water district by exercising its eminent domain powers and condemning the water district's facilities, despite the fact that the area has been annexed. *See City of Madison v. Bear Creek Water Association, Inc.,* 816 F.2d 1057, 1059 (5th Cir.1987) (federal jurisdiction because federal agency a party). It appears that the rural water district may sell its encumbered facilities only with the prior written consent of the federal government. *See* 7 C.F.R. § 1942.17(n)(2)(xii).

 As pleaded by the plaintiff, the action was not removable. Plaintiff's claim relied exclusively on state law and could not have been filed here originally. The only federal issue arises by way of a defense to the plaintiff's claim. The complete preemption doctrine is a narrow exception to the well-pleaded complaint rule and should not be applied to the facts of the present case. The court finds no clear congressional intent to create removal jurisdiction in the present case. Accordingly, the court shall remand to state court.

**IT IS BY THIS COURT THEREFORE ORDERED** that plaintiff's motion to remand (Doc. 8) is hereby granted. This case shall be remanded to the District Court of Sedgwick County, Kansas.